# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BARBARA ETTERLE, | CIVIL ACTION |
| Plaintiff, | FILE NO. _____ |
| v. | JURY TRIAL DEMANDED |
| CITY OF ATLANTA, GEORGIA, | |
| Defendant. | |

## COMPLAINT

Plaintiff Barbara Etterle ("Plaintiff" or "Etterle") files this Complaint against Defendant City of Atlanta, Georgia showing the Court as follows:

## INTRODUCTION

1. Plaintiff asserts claims for discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"). Ms. Etterle seeks back pay and lost pension benefits, attorney's fees, and costs of litigation.

2. Ms. Etterle brings this action because, when she returned from active military duty, the City of Atlanta Police Department ("APD") failed and refused to reintegrate and retrain her for her position as Detective in violation of City policy

and procedure and, because of its failure to retrain her, disciplined and demoted Ms. Etterle in violation of USERRA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323.

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant City of Atlanta conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## THE PARTIES

5. Ms. Etterle is a citizen of the United States and a resident of the State of Georgia. Ms. Etterle submits herself the jurisdiction of this Court.

6. The City of Atlanta is a municipality sited in Atlanta, Georgia, organized under the laws of the State of Georgia

7. City of Atlanta is subject to the jurisdiction of this Court and may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service on its Mayor at the Office of the Mayor, 55 Trinity Avenue, Atlanta, Georgia 30303.

## **FACTUAL ALLEGATIONS**

8. Ms. Etterle began employment with the City of Atlanta Police Department ("APD") on May 1, 2007.

9. Ms. Etterle was promoted to Detective in 2012.

10. As a Detective, Ms. Etterle worked first in the Special Victims Unit and then the Crimes Against Children Unit (the "Youth Squad").

11. Throughout her employment with APD, Ms. Etterle served in the United States Air Force Reserves.

12. In January 2015, Ms. Etterle was deployed to active duty.

13. Ms. Etterle's employment with APD was successful and uneventful until her deployment.

14. Prior to leaving for her deployment, Ms. Etterle's supervisor, Lieutenant Celeste Murphy, asked Ms. Etterle what unit she wanted to be in when she returned and told her that she wanted to transfer her before she left.

15. Ms. Etterle told Lieutenant Murphy that if she could not transfer to Homeland Security or License & Permits, she preferred to stay on the Youth Squad of the Special Victims Unit.

16. Ultimately, Lieutenant Murphy did not transfer Ms. Etterle before she left for active duty.

17. Ms. Etterle returned to the APD on October 1, 2015.

18. When Ms. Etterle returned from deployment, she went to the City of Atlanta Employee Assistance Program to inquire about the reintegration process and procedures for employees returning from active duty military.

19. The City has procedures that are to be used when reintegrating active duty military employees.

20. The reintegration policies and procedures require that active duty military employees be given 45 days to reintegrate and retrain for their positions when they return from active duty.

21. Ms. Etterle specifically requested retraining on crime scene preservation October 15, 2015 and was denied the training.

22. Ms. Etterle had never had the APD training for investigators.

23. The Police Department failed and refused to reintegrate or retrain Ms. Etterle because, she was told, she had already been away from her job for too long.

24. Upon information and belief, the APD fails and refuses to follow the City's reintegration policies and procedures for all military personnel when they return from active duty.

25. On November 9, 2015, Ms. Etterle responded to a call, along with several others, in which the child in question ultimately died.

26. On December 3, 2015, the Office of Professional Standards ("OPS") opened an investigation of Ms. Etterle based on alleged unsatisfactory performance relating to the November 9, 2015 call but did not discuss the allegations with Ms. Etterle.

27. Part of the issue Ms. Etterle was being investigated for related to a procedure that had changed while she was deployed, and she was not accustomed to performing.

28. OPS did not investigate the actions or misconduct of any other officers involved with the call.

29. None of the other officers involved with the call had just returned from active military duty.

30. Had Ms. Etterle been permitted the 45-day reintegration period required by City of Atlanta's policies and procedures, she would not have even responded to the call.

31. On December 4, 2015, Ms. Etterle was notified by Lieutenant Murphy that she was being demoted.

32. Ms. Etterle's direct supervisor, Sergeant Gruen, told her that he wanted to give her a verbal warning, but that Lieutenant Murphy insisted that she be demoted.

33. Other officers involved with the call have stated that Ms. Etterle performed appropriately in responding to the November 9, 2015 call.

34. Assistant District Attorney Scott McAfee, who prosecuted the case, also said that Ms. Etterle's actions were appropriate.

35. As a result of Ms. Etterle's demotion, her pay was reduced, and her pension was adversely impacted.

## Count I
## Discrimination in Violation of USERRA

36. Plaintiff incorporates each and every preceding paragraph as if set forth fully herein.

37. USERRA prohibits Defendant from discriminating against Ms. Etterle or taking any adverse employment action against her because she has exercised a right provided for by USERRA. 38 U.S.C. § 4311(a)-(b).

38. At all relevant times, Ms. Etterle was a member of the United States Air Force Reserves, and she was deployed for active uniformed military service for a tour of duty from January through October 2015.

39. As a member of the uniformed services who was absent from her employment with Defendant APD by reason of her military service, Ms. Etterle was entitled to such other rights and benefits not determined by seniority as were

generally provided by the City of Atlanta other employees in the Atlanta Police Department.

40. Defendant denied Ms. Etterle retraining and reintegration when she returned from active military service.

41. Defendant also demoted Ms. Etterle.

42. Ms. Etterle's military service was a substantial or motivating factor in APD's decision to demote Ms. Etterle.

43. Defendant acted intentionally and willfully, in reckless disregard for whether its conduct was prohibited by USERRA.

44. As a direct and proximate result of Defendant's unlawful actions, Ms. Etterle lost benefits, including compensation, promotional opportunities, and pension benefits.

45. Ms. Etterle is entitled to back pay and lost benefits, liquidated damages, and all other appropriate damages, remedies, and other relief available under USERRA.

## Count II
## Retaliation in Violation of USERRA

46. Plaintiff incorporates each and every preceding paragraph as if set forth fully herein.

47. USERRA prohibits Defendant from retaliating against Ms. Etterle or taking any adverse employment action against her because she has exercised a right provided for by 38 U.S.C. § 4311(b).

48. At all relevant times, Ms. Etterle was a member of the United States Air Force Reserves, and Ms. Etterle exercised a right provided by USERRA when she was deployed for active uniformed military service for a tour of duty from January through October 2015.

49. Ms. Etterle also exercised a right provided by USERRA when she requested retraining and reintegration upon return from active duty.

50. APD denied Ms. Etterle retraining and reintegration.

51. Very soon after exercising a right provided for by USERRA, Defendant demoted Ms. Etterle.

52. Ms. Etterle's protected activity was a substantial or motivating factor in its decision to demote Ms. Etterle.

53. Defendant acted intentionally and willfully, in reckless disregard for whether its conduct was prohibited by USERRA.

54. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered lost benefits, including compensation, lost pension benefits, and other damages.

55. Plaintiff is entitled to back pay and lost benefits, liquidated damages, and all other appropriate damages, remedies, and other relief available under USERRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a) Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the USERRA;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under USERRA because of her participation in this lawsuit;

(c) Grant to Plaintiff judgment in his favor and against Defendant under all Counts of this Complaint;

(d) Order Defendant to make whole the Plaintiff by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of

Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

  (e) Grant to Plaintiff liquidated damages for Defendant's willful violations of USERRA;

  (f) Grant to Plaintiff a jury trial on all issues so triable;

  (g) Grant to Plaintiff her reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action; and

  (h) Grant such additional equitable or monetary relief as the Court deems proper and just.

  Respectfully submitted this 2nd day of May 2019.

           LEGARE, ATTWOOD & WOLFE, LLC

          s/ *Cheryl B. Legare*
          Cheryl B. Legare
          Georgia Bar No. 038553
          cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
T: (470) 823-4000 | F: (470) 201-1212